UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

OTIS ANTONIO SMITH,                    )
                                       )
              Defendant-Petitioner,    )
       v.                              )          CIVIL ACTION
                                       )          NO. 16-12041-JGD
JEFF GRONDOLSKY,                       )
                                       )
              Warden-Respondent.       )


## MEMORANDUM OF DECISION AND ORDER ON RESPONDENT'S MOTION TO DISMISS 28 U.S.C. § 2241 HABEAS PETITION[1]

March 14, 2018

DEIN, U.S.M.J.

## I. INTRODUCTION

On October 18, 2004, the defendant-petitioner, Otis Antonio Smith ("Smith"), pled guilty

in the United States District Court for the Western District of Virginia to one count of conspiracy

to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(A) and

846.  United States v. Smith, U.S. District Court for the Western District of Virginia (Roanoke

Division), Criminal No. 7:04-CR-0072-MFU-RSB-4.[2]  As part of his plea agreement, Smith waived

his right to collaterally attack his sentence.  Smith was sentenced as a career offender based on

---

[1] The parties have consented to have this matter finally decided by this Magistrate Judge in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b).  At the time this petition was filed, Smith was incarcerated at FMC Devens in Massachusetts.  While he was subsequently moved to the District of New Hampshire, this court has jurisdiction over this habeas petition as it was filed in the jurisdiction in which Smith was housed at the time of filing.  Rumsfield v. Padilla, 542 U.S. 426, 441, 124 S. Ct. 2711, 2721, 159 L. Ed. 2d 513 (2004).

[2] References to pleadings in the Virginia federal case not otherwise submitted as exhibits will be cited as "VA Docket No. __."

pleas of guilty to three felonies relating to the distribution of controlled substances in the state court in New Jersey. He had fled the jurisdiction and gone to Virginia before being sentenced in New Jersey. Nevertheless, the Virginia sentencing judge ruled that the New Jersey convictions constituted "at least two prior felony convictions" of a controlled substance offense, as a result of which Smith qualified as a career offender under United States Sentencing Guidelines Manual ("U.S.S.G.") § 4B1.1(a)(3). The sentencing judge calculated the guideline sentencing range at 360 months to life, and imposed a sentence of 360 months.

This matter is presently before the court on a *pro se* habeas petition (as amended) filed by Smith pursuant to 28 U.S.C. § 2241. Therein, Smith contends that he is actually innocent of being a career offender because he was never sentenced in New Jersey, and the New Jersey felony convictions were subsequently dismissed after he was sentenced in Virginia. In his memorandum in support of his § 2241 petition, Smith contends that he also plans "to pursue withdrawal of his plea [in New Jersey] based on ineffective assistance and his actual innocence to these offenses." ("Memorandum in Support of Petitioner's Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241" (Docket No. 11) ("Smith's Mem.") at 4). As detailed more fully herein, Smith has unsuccessfully raised these arguments in various prior pleadings, including, but not limited to, in a habeas petition brought pursuant to 28 U.S.C. § 2255 in the Western District of Virginia, in his motion seeking authorization from the Fourth Circuit to file a second or successive petition under § 2255, and in a motion filed pursuant to Fed. R. Civ. P. 60(b) in the Western District of Virginia.

The Government has moved to dismiss Smith's habeas petition, as amended, on the grounds that "this Court does not have jurisdiction under § 2241 to hear these disguised § 2255

claims, particularly since they have already been properly rejected by the court in which Smith was sentenced and where jurisdiction properly lies." ("Government's Response to Amended Petition Filed Pursuant to 28 U.S.C. § 2241" (Docket No. 41) ("Gov't Resp.") at 1-2). For the reasons detailed herein, this court concludes that the claim that Smith was improperly sentenced as a career offender must be decided by the sentencing court. In addition, based on the record before this court, it appears that the sentence was appropriate. At this stage in the proceedings, there is no evidence of a miscarriage of justice or any other basis for this court to interfere with the sentencing calculations done by the sentencing court. Since this court lacks jurisdiction to revise Smith's sentence, the "Government's Motion to Dismiss Petition Filed Pursuant to 28 U.S.C. § 2241" (Docket No. 24) ("Gov't Mot.") is ALLOWED.

## II. STATEMENT OF FACTS[3]

### Smith's Original Sentence

On May 10, 2003, as part of a plea agreement, Smith pled guilty in the New Jersey Superior Court, Passaic County, to three charges of intent to distribute and distribution of a controlled substance within 1000 feet of school property. (Smith Ex. E at 3-4). Pursuant to his plea agreement, the state was to dismiss 26 other related offenses and he was to receive a sentence of 5 years incarceration with a 2½ year parole eligibility stipulation. (Id.). Smith failed

---

[3] Excerpts from the record below are attached to Smith's "Memorandum in Support of Petitioner's Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241" (Docket No. 11) ("Smith Ex. __"), the "Government's Motion to Dismiss Petition Filed Pursuant to 28 U.S.C. § 2241" (Docket No. 24) ("Gov't Ex. __"), and the "Government's Response to Amended Petition Filed Pursuant to 28 U.S.C. § 2241" (Docket No. 41) ("Gov't Supp. Ex."). In addition, this court can and does take judicial notice of the docket of other courts. United States v. Mercado, 412 F.3d 243, 247 (1st Cir. 2005).

to appear at sentencing, and his sentencing remained outstanding at the time he was charged in the United States District Court for the Western District of Virginia.  (Id. at 4).

On October 18, 2004, Smith pled guilty in the United States District Court for the Western District of Virginia to one count of conspiracy to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846.  (Gov't Supp. Ex. (plea colloquy)). Pursuant to his plea agreement, Smith waived his right to appeal all sentencing guideline issues, and he waived his right to collaterally attack his sentence.  (Id. at 11; Smith Ex. D (plea agreement) at ¶¶ 10-11).

Sentencing took place on June 28, 2005.  (Gov't Ex. A (sentencing hearing transcript)). The pre-sentence report had classified Smith as a career offender because his New Jersey convictions constituted "at least two prior felony convictions" for a controlled substance offense under U.S.S.G. § 4B1.1(a)(3).  Smith's counsel argued against his status as a career offender on the grounds that the New Jersey convictions should count as a single event.  (Gov't Ex. A at 5-7).  During the course of the sentencing hearing, Smith's counsel submitted a letter from Smith's New Jersey attorney indicating that Smith had entered a plea of guilty in New Jersey and had "a pretty favorable plea agreement arranged" before Smith left the state.  (Id. at 8, 10-11, 35).  In the letter, counsel also indicated that Smith had not pled guilty to a charge of robbery and had maintained his innocence as to that offense.  (Id. at 11).

At the sentencing hearing, the Government took the position that the New Jersey charges should be considered separate offenses since there was no formal order of consolidation and they involved separate incidents, and that they qualified as prior offenses in connection with evaluating Smith's career offender status even though no sentence had been

imposed.  (<u>Id.</u> at 16, 19-20).  The court agreed.  (<u>Id.</u> at 36).  The court then calculated a guideline

range of 360 months to life.  (<u>Id.</u>).  Smith, who was then 22 years old, was sentenced to 360

months of incarceration.  (<u>Id.</u> at 34, 38).

## Smith's First Habeas Petition

On June 28, 2006, Smith filed a *pro se* habeas petition pursuant to 28 U.S.C. § 2255 with

the United States District Court for the Western District of Virginia seeking to set aside or

correct his sentence, which was supported by a memorandum dated August 18, 2006.[4]  (Smith

Ex. E).  Therein, he alleged ineffective assistance of counsel on the grounds that "trial counsel

failed to object to the fact that the petitioner's prior offense[s] were consolidated and not a

basis for Career Offender" status, and had failed to file an appeal.  (<u>Id.</u> at 1).  The matter was

referred to a Magistrate Judge, who held an evidentiary hearing and issued a comprehensive

Report and Recommendation ("R&R").  (Gov't Ex. B at 1).  The Magistrate Judge concluded that

there was no ineffective assistance of counsel.  As an initial matter, the Judge found that Smith

had signed a plea agreement waiving his right to appeal his sentence, and had offered no

credible evidence that he had instructed counsel to file a notice of appeal.  (<u>Id.</u> at 1-2).  In

addition, "despite Smith's contentions otherwise, at the sentencing hearing counsel made an

articulated objection to the pre-sentence report's determination that Smith was subject to a

criminal history career offender enhancement and counsel made extensive argument to the

---

[4]  As Smith's habeas counsel described the chronology, Smith filed his motion on June 28, 2006 and
another motion on August 18, 2006.  The court treated the second motion as a memorandum in support
of the first motion.  (<u>See</u> Smith Exs. I & E).  However, at times the court and the parties have described
these as two separate § 2255 petitions.  This court will consider them as one, which seems more
consistent with how they were treated at the time.

court that Smith was not a career offender; thus, counsel was not constitutionally deficient."

(Id. at 2).

The Magistrate Judge also reviewed, and rejected, Smith's contention that his New Jersey convictions had been improperly counted. As the Magistrate Judge ruled:

> Smith contends that his three prior felony drug convictions were consolidated for sentencing purposes and, therefore, should not have been counted as separate offenses in determining that he was a career offender and had a criminal history category of VI.*
>
>> *Smith also argues that these offenses were improperly considered in determining his base level offense, thus, subjecting him to a base level of 37 rather than 32. However, this is clearly incorrect. The pre-sentence report found that the base level offense was 36 based on a drug weight of at least 500 grams, but less than 1.5 kilograms of cocaine base, with a plus two for possession of a firearm during a drug trafficking activity, a plus three for his role in the offense and a minus three for his acceptance of responsibility. This resulted in an offense level of 38. This was then compared with the offense level if the career offender enhancements were applied. When those enhancements were applied, the base offense level was 37 with a minus three for acceptance of responsibility, resulting in a final base level of 34. Under U.S.S.G. § 4B1.1(b), because the base offense level without the career offender enhancement was greater, it was applied. Accordingly, the allegedly wrongful consideration of his prior drug convictions was immaterial in determining Smith's base level offense.
>
> The sentencing guidelines provide that a defendant is a career offender if he was at least eighteen years old at the time of the instant offense, the instant offense is a felony crime of violence or a controlled substance offense, and the defendant had at least two prior felony convictions for either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1. Any predicate conviction, whether or not the defendant has been sentenced, must be counted. See U.S.S.G. § 4B1.2, cmt. n.3 (2004) (stating that the provisions of U.S.S.G. § 4A1.2 are applicable for the counting of convictions under U.S.S.G. § 4B1.1); see also U.S.S.G. § 4A1.2(a)(4) (2004) stating that "[w]here a defendant has been convicted of an offense, but not yet sentenced, such conviction shall be counted as if it constituted a prior sentence"); see also United States v. Hondo, 366 F.3d 363, 365 (4th Cir. 2004).

(Id. at 13-14 & n.6 (internal citations omitted from footnote)).  The Magistrate Judge further

reviewed the relevant provisions of the sentencing guidelines, and the facts relating to Smith's

prior convictions, and concluded that "Smith's three drug convictions are not related for

guideline purposes and were properly considered in determining whether Smith is a career

offender."  (Id. at 15-16).

The Magistrate Judge expressly addressed, and rejected, Smith's argument that the New

Jersey convictions should not have been considered because no sentences had been imposed.

As the Magistrate Judge held:

> To the extent Smith argues these prior convictions were not properly
> considered in determining that he was a career offender because he had
> not yet been sentenced on those offenses, it is without merit.  Smith
> concedes he pled guilty to the aforementioned crimes and was not
> sentenced only because he failed to appear for sentencing.  Adjudications
> of guilt following a guilty plea are countable offenses under the sentencing
> guidelines regardless as to whether a sentence actually has been imposed.
> U.S.S.G. § 4B1.2.  It is the guilt establishing proceeding and not the formal
> entry of judgment which determines whether there has been a countable
> offense.  United States v. Pierce, 60 F.3d 886, 892 (1st Cir. 1995), cert.
> denied, 518 U.S. 1033 (1996).  Accordingly, the undersigned finds the court
> properly considered Smith's prior felony convictions for drug related
> offenses in concluding that he is a career offender[.]

(Id. at 16-17).  The Magistrate Judge's report was adopted in its entirety by the District Judge.

(See Gov't Mot. at 4).  It appears that no appeal was taken.

### Smith's Second Habeas Petition

As a result of retroactive amendments to the drug quantity tables, Smith's sentence was

subsequently reduced twice, first to 292 months and then to 262 months.  (Id.).  On October 28,

2010, the New Jersey Superior Court, Passaic County, dismissed the indictments against him.

(Smith Ex. A).  On October 24, 2011, Smith, through counsel, filed another motion to vacate, set

aside or correct sentence in the United States District Court for the Western District of Virginia pursuant to 28 U.S.C. § 2255 on the grounds that the New Jersey charges which had served as the basis for Smith's status as a career offender had been dismissed. (Smith Ex. G at Ground One). In a "2255 Memorandum Opinion" dated October 26, 2011, the District Judge dismissed the § 2255 motion as a second or successive petition because Smith had not obtained the required certification to proceed from the Court of Appeals. See 28 U.S.C. § 2244. (Smith Ex. H).[5]

Smith, through counsel, did not appeal the dismissal but, rather, filed a motion under 28 U.S.C. § 2244 with the Fourth Circuit Court of Appeals seeking permission to file a successive habeas petition to have his sentence vacated in light of the dismissal of the New Jersey charges. (Smith Ex. I). The Government opposed the motion, informing the court that "[t]he United States has ascertained, through a November 8, 2011, telephone conversation with the Passaic County Assistant Prosecutor responsible for Mr. Smith's case that the prosecution moved to dismiss the New Jersey charges because of the substantial federal prison sentence Mr. Smith was serving in this case." (Gov't Ex. C at 3 n.1).[6] The Government argued further that Smith

---

[5] Congress, in enacting the Antiterrorism and Effective Death Penalty Act ("AEDPA") severely limited a petitioner's right of review under § 2255. Thus, before filing a second or successive § 2255 petition in the district court, the movant must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "Under this paradigm, a second or successive habeas petition is not a matter of right — and the gatekeeping function belongs to the court of appeals, not to the district court." Libby v. Magnusson, 177 F.3d 43, 45 (1st Cir. 1999), and cases cited.

[6] As detailed infra, this court's review of the admittedly complicated dockets in Smith's New Jersey cases indicates that Smith had attempted to have his state cases resolved under the Interstate Agreement on Detainers Act ("IAD"). On or about October 6, 2010, Smith, through counsel, moved to dismiss the indictments for failure to prosecute (i.e., a Speedy Trial Act violation). A copy of counsel's motion with attachments is included as an Addendum to this decision.

was not entitled to relief because he was not innocent of his federal conviction, dismissal of the New Jersey charges did not change Smith's designation as a career offender, and, in addition, Smith had waived his right collaterally to attack his conviction and sentence. (Gov't Ex. C at 1). In particular, but without limitation, the Government asserted that U.S.S.G. § 4A1.2, Application Notes 6, 10 and 9, addressing "reversed, vacated, or invalidated convictions," "convictions set aside and defendant pardoned," and "diversionary dispositions," make it clear that the mere dismissal of the New Jersey charges was insufficient to change his status where the dismissal was not based on his innocence or errors of law. (Id. at 6-8). In an Order dated November 23, 2011, the Fourth Circuit Court of Appeals denied Smith's "motion under 28 U.S.C. § 2244 for an order authorizing the district court to consider a second or successive application for relief under 28 U.S.C. § 2255" without opinion. (Smith Ex. J).

### Smith's Subsequent Motions

According to Smith, in July 2014 he filed a motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 with the United States District Court for the Southern District of West Virginia (Bluefield Division), but subsequently moved to voluntarily dismiss that petition on July 22, 2016 since there had been no action on the petition. The court granted the motion and dismissed the petition without prejudice on October 25, 2016. (See Smith Mem. at 3; Smith Exs. K & L (undated copies of unsigned pleadings)). On October 5, 2016, Smith filed the instant habeas petition, which will be discussed further below.

Smith proceeded to file a number of motions in his original case in Virginia. (See Gov't Resp. at 4-5). In particular, but without limitation, the following relevant filings were made. On May 25, 2017, Smith filed a "Motion Pursuant to Federal Rules of Civil Procedure 60(B)" ("Rule

60(b) Motion").[7]  (VA Docket No. 787).  Therein, Smith argued that the dismissal of his second

habeas petition was improper because it should not have been considered a second or

successive petition as the New Jersey felonies had not been dismissed at the time of his original

§ 2255 petition.  (See id. at 5).  In addition, he argued that he was "actually innocent of his prior

convictions which have now been vacated and dismissed" and that "he planned to proceed to

withdraw his guilty pleas based on [ineffective] assistance of counsel, and that he was actually

innocent of these offenses" once he was returned to state custody.  (Id. at 6-7).  He contended

that his letter writing efforts to that effect to the prosecutors and his attorney resulted in the

state finally taking action and dismissing the New Jersey charges.  (Id. at 7).  Smith also argued

that he was denied the ability to pursue these claims in New Jersey by the dismissal of the

charges, and was wrongfully denied his right to a direct appeal.  (Id. at 7-8).  Smith also asserted

that his Virginia counsel "was ineffective when he advised him to enter a plea agreement with a

waiver provision to his sentence and sentencing guidelines[,]" especially since counsel did not

agree with the court's calculation of Smith's sentence as a career offender.  (Id. at 8).  Smith

sought a ruling that the dismissal of his second habeas petition was improper, that his sentence

as a career offender be vacated, and that he be resentenced without the career offender

enhancement.  (Id. at 9-10).

On June 7, 2017, the Virginia court order Smith to file an amended motion "that deletes

either the claims about the prior §2255 proceedings or the claims attacking the conviction and

sentence." (VA Docket No. 789).  This was in accordance with the procedure established by the

---

[7]  Despite its title, the motion was listed on the docket as "Motion for Reconsideration re Order on Motion to Vacate (2255) by Otis Antonio Smith."

Fourth Circuit in <u>United States v. McRae</u>, 793 F.3d 392 (4th Cir. 2015), where the court held that in the context of a mixed Federal Rule of Civil Procedure 60(b) motion/habeas petition, the prisoner must elect whether he is proceeding on a successive habeas petition or on claims cognizable under Rule 60(b).  <u>Id.</u> at 400.

On June 12, 2017, Smith filed a "Motion to Amend Petitioner's Pending Rule 60(b) Motion."  (VA Docket No. 801).  Therein, he sought to add the argument that his prior New Jersey convictions should not count in the calculation of his career offender status since he had not been sentenced within the 15 years preceding his Virginia sentencing as required by U.S.S.G. § 4A1.2(e)(1)-(3).  (<u>Id.</u> at 3-4).  Those U.S.S.G. provisions provide, in general terms, that sentences imposed more than 15 years prior to the instant offense, or that did not result in the defendant being incarcerated within that 15 year period, should not be counted in assessing career offender status.

Following this motion to amend, on June 16, 2017, Smith filed a motion to extend the time to respond to the court's order that he elect between proceeding under Rule 60(b) and § 2255.  (VA Docket No. 806).  On July 5, 2017, Smith filed a "Motion to Clarify Petitioner's Motion Pursuant to Federal Rule of Civil Procedure 60(B)."  (VA Docket No. 810).  Therein, Smith attempted to clarify whether he was proceeding under Rule 60(b) or § 2255.  He attempted to limit his petition to address his contention that the dismissal of his § 2255 petition as a second or successive petition was improper and to have the court address his contention that "based on the vacature of his prior convictions, . . . he is no longer a career offender[.]"  (<u>Id.</u> at 1.).  Somewhat confusingly, however, he concluded by stating "[t]hat Smith

attacks the proceedings of his § 2255, and based on his argument is entitled to relief pursuant to Federal Rule of Civil Procedure 60(b)." (Id. at 2).

Smith's motion seems to have crossed in the mail with the court's ruling on his outstanding motion to extend time. Therefore, on July 5, 2017, the court dismissed without prejudice Smith's motion to amend (VA Docket No. 801) and granted the motion to extend time (VA Docket No. 806), thereby giving Smith 21 days to make his election. (See VA Docket No. 812). It appears that the court was unaware of Smith's purported election included in his July 5th motion to clarify. (VA Docket No. 810).

On August 7, 2017, Smith filed another motion to clarify his Rule 60(b) motion. (VA Docket No. 815). Therein, Smith alleged that he was limiting his filing to his original argument, namely that his § 2255 motion was improperly dismissed, and that "based on the vacature of his prior convictions, . . . he is no longer a career offender, and is entitled to a resentencing as such." (Id. at 1). Smith relied on United States v. Hairston, 754 F.3d 258 (4th Cir. 2014). There, the court held that a habeas petition challenging a prisoner's status as a career offender on the grounds that a state conviction had been vacated should not be considered a second or successive petition as the fact of dismissal was unknown at the time the original habeas petition was filed. Id. at 259.[8] Smith concluded his pleading as follows:

> Smith therefore withdraws his additional arguments regarding his conviction/sentence, however Smith [asks] the court to take judicial notice of his withdrawn arguments as they do shed light on the fact that Smith suffers from a grave [injustice], his sentence being enhanced without a valid factual basis, a fundamental miscarriage of justice. That the courts dismissal of his prior § 2255 motion as successive was improper, and that

---

[8] As detailed below, Hairston is factually distinguishable from Smith's case as Hairston's conviction was vacated on constitutional grounds, *i.e.*, because Hairston had been denied the assistance of counsel. No similar constitutionally-based dismissal is noted in Smith's record.

based on the vacate of his convictions, he is no longer a career offender
and should be resentenced as such.  That Smith attacks the proceedings of
his § 2255, and based on his argument is entitled to relief pursuant to
Federal Rule of Civil Procedure 60(b).

(VA Docket No. 815 at 2).

The Virginia federal court interpreted this pleading as an election to proceed under

Federal Rule of Civil Procedure 60(b) and a waiver of Smith's collateral attack on his criminal

judgment.  (VA Docket No. 818 at 3 n.1).  Thus, in an order dated August 8, 2017, the court

ruled that "Smith has freely chosen to abandon claims collaterally attacking the criminal

judgment, including a challenge to his career offender designation because predicate convic-

tions allegedly have been vacated."  (Id. at 1).[9]

The court found Smith's Rule 60(b) motion to be untimely.  (VA Docket No. 818 at 2).  It

also concluded that the ruling in Hairston, which had been decided after Smith's second habeas

petition had been dismissed, did not constitute a new "fact" or otherwise qualify for relief

under Rule 60(b).  (Id.).  Nevertheless, the court provided Smith with a § 2255 motion form and

noted "[i]f Hairston does apply to his situation, [Smith] may collaterally attack the judgment by

filing another § 2255 motion without authorization from the Court of Appeals for the Fourth

Circuit."  (Id. at 3).  Moreover, the court instructed, [i]f Hairston does not apply, he is free to

seek that authorization [from the Fourth Circuit] per 28 U.S.C. § 2255(h)."  (Id.).  It does not

appear that Smith pursued any further relief in Virginia.

---

[9]  This court recognizes that Smith's pleadings show a confusion as to what issues can be brought under
Rule 60(b) as opposed to § 2255.  Nevertheless, this court interprets the pleadings filed in this court to
be consistent with, and not a waiver of, his challenge to his career offender status on the basis that his
New Jersey convictions had been vacated.

## The Instant § 2241 Petition

As noted above, on October 5, 2016, Smith filed the instant Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Docket No. 1). Therein, Smith contends that he is "actually innocent" of being a career offender. The basis for this contention is the dismissal of the New Jersey charges. As he did in his filings in Virginia, in addition to relying on the dismissal of the New Jersey charges, Smith argues that his Virginia counsel "was ineffective for advising him to enter a plea agreement waiving his rights to challenge his sentence and/or sentencing guidelines" since "[c]ounsel was well aware that Smith's prior convictions were not final at the time of entering a plea (or at sentencing)." (Smith Mem. at 6). He also contends that he was "actually innocent" of the New Jersey charges, was denied his right to a direct appeal, and prevented from pursuing the withdrawal of his guilty pleas once the state dismissed all charges. (Id. at 11).

The Government moved to dismiss the petition on April 21, 2017. (Docket No. 24). On May 26, 2017, Smith moved to amend his petition to add his legal argument that the fact that he was not sentenced in New Jersey within the time frame for counting convictions under the sentencing guidelines also precluded the New Jersey charges from being considered in deter-mining his career offender status. (Docket No. 32). As he had attempted to do in connection with his amended Rule 60(b) motion in Virginia, Smith argues that U.S.S.G. § 4A1.2(e) requires that only sentences imposed within 10 or 15 years can be counted for career offender status and, since he was never sentenced, these prior convictions cannot be counted. (Id. at 2). The motion to amend was allowed on June 21, 2017. (Docket No. 34). The Government filed a

Response to the Amended Petition, continuing to assert that the petition should be dismissed. (Docket No. 41).  Smith filed an omnibus reply to the motions.  (Docket No. 47).

Additional facts will be provided below where appropriate.

### III. <u>ARGUMENT</u>

This court recognizes that Smith has been actively pursuing his contention that his New Jersey convictions should not have been counted towards his status as a career offender for various reasons.  However, 28 U.S.C. § 2241 is not the appropriate route.  For the reasons detailed herein, this court does not have jurisdiction to overturn the sentencing court's analysis.  Nor can this court find a miscarriage of justice based on the existing record.  Smith pled guilty to the New Jersey charges.  The reason he was not sentenced was that he fled the jurisdiction.  The guilty pleas counted under the sentencing guidelines in assessing career offender status.

Moreover, the fact that the charges were dismissed, based on the record before this court, does not warrant a recalculation of Smith's sentence.  The dismissals were not based on Smith's innocence, errors of law or a constitutional error.  To the extent that Smith wants to raise a claim of ineffective assistance of counsel in connection with either his New Jersey guilty plea, or his Virginia guilty plea, those claims must be brought in those respective courts.  This court lacks jurisdiction over those matters.

Finally, Smith misreads the sentencing guidelines when he argues that the fact that sentencing did not take place on the New Jersey crimes within 15 years of his Virginia sentencing makes the prior convictions irrelevant.  For all the reasons detailed herein, Smith's

§ 2241 habeas petition must be dismissed. As the Virginia court suggested, however, Smith

may be able to proceed in the Virginia federal court under § 2255.[10]

### A. Use of a § 2241 Petition to Recalculate a Sentence

"Under 28 U.S.C. § 2255, a defendant may seek post-conviction relief from his sentence

in four instances: if the sentence '(1) was imposed in violation of the Constitution, or (2) was

imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was

otherwise subject to collateral attack.'" United States v. Duval, 957 F. Supp. 2d 100, 105-06 (D.

Mass. 2013) (quoting David v. United States, 134 F.3d 470, 474 (1st Cir. 1998)). A collateral

challenge to the length of the sentence is traditionally raised in a habeas petition brought

before the sentencing court pursuant to 28 U.S.C. § 2255. See Trenkler v. United States, 536

F.3d 85, 97-98 (1st Cir. 2008) (§ 2255 designed to address claim that sentence was in excess of

term allowed by law). Accord Hankinson v. Grondolsky, Civil Action No. 14-11702-FDS, 2014 WL

5025819, at *2 (D. Mass. Oct. 8, 2014), and cases cited. This includes a challenge to a federal

sentence on the basis that a state court has vacated a conviction used to enhance a federal

sentence. See Mateo v. United States, 398 F.3d 126, 133-34 & n.6 (1st Cir. 2005) (citing United

States v. Pettiford, 101 F.3d 199 (1st Cir. 1996)); McKubbin v. Grondolsky, 7 F. Supp. 3d 125,

132 (D. Mass. 2014).

The fact that Smith alleges ineffective assistance of counsel with respect to his guilty

pleas does not alter this conclusion. There is no indication in the record that Smith has actually

asserted such a claim before the New Jersey state court. See Custis v. United States, 511 U.S.

---

[10] This court expresses no opinion as to whether the Virginia court will entertain a § 2255 petition from Smith. This court's jurisdiction (or lack thereof) remains the same regardless of whether another § 2255 petition is allowed to be filed in Virginia.

485, 497, 114 S. Ct. 1732, 1739, 128 L. Ed. 2d 517 (1994) (the appropriate collateral challenge to

an enhanced sentence is for a prisoner to attack the state sentence and "then apply for

reopening of any federal sentence enhanced by the state sentences.").  To the extent that he is

challenging the actions of his counsel in the federal court in Virginia, it is well-established that

"ineffective assistance of counsel claims seeking post-conviction relief are properly brought in a

habeas petition pursuant to 28 U.S.C. § 2255."  Gonzalez v. United States, 150 F. Supp. 2d 236,

242 (D. Mass. 2001), and cases cited.[11]

     This court does not have jurisdiction to hear a petition under § 2255 regarding a

sentence imposed in a different district.  United States v. Barrett, 178 F.3d 34, 50 n.10 (1st Cir.

1999) (a petition under § 2255 must be brought in the sentencing court).  Since Smith's claims

are properly brought under § 2255, they should be dismissed.

     Nevertheless, Smith argues that his petition is appropriately brought under 28 U.S.C.

§ 2241.  In contrast to § 2255, a "motion pursuant to § 2241 generally challenges the *execution*

of a federal prisoner's sentence, including such matters as the administration of parole, compu-

tation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers,

---

[11] Smith's claim of ineffective assistance of counsel with respect to Virginia counsel seems to be premised on the fact that he waived his right to a direct appeal in his plea agreement even though he did not agree to his career offender status.  (See "Smith's Reply to the Government's Opposition of His § 2241 Petition" (Docket No. 47) at 1-2).  However, "[p]resentence waivers of appellate rights are 'presumptively valid (if knowing and voluntary).'"  United States v. Marte-de la Cruz, 876 F.3d 370, 373 (1st Cir. 2017) (quoting United States v. Teeter, 257 F.3d 14, 25 (1st Cir. 2001)).  In the instant case, a Magistrate Judge held an evidentiary hearing and reviewed Smith's counsel's conduct in connection with Smith's plea agreement.  (Gov't Ex. B).  After reviewing extensive testimony, including Smith's, the Magistrate Judge found that Smith had received a "substantial benefit" for entering into the plea agreement (id. at 2), and that it was "clear that Smith was fully aware that by entering the plea agreement he was waiving his right to appeal."  (Id. at 10 n.3).  Smith has offered no evidence to contradict this finding.

type of detention and prison conditions." <u>Jiminian v. Nash</u>, 245 F.3d 144, 146 (2d Cir. 2001).

There is no question that Smith has not brought such a claim.  Nevertheless, he contends that

he may challenge his conviction through a petition under § 2241 pursuant to the "savings

clause" of § 2255.  That provision allows a federal prisoner to "file a habeas corpus petition

pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is

'inadequate or ineffective to test the legality of his detention.'"  <u>Hernandez v. Campbell</u>, 204

F.3d 861, 864-65 (9th Cir. 2000), and cases cited; <u>see also</u> 28 U.S.C. § 2255(e).  Smith, however,

has failed to establish that the "extraordinary circumstances" warranting the application of this

savings clause exist in the instant case.  <u>See</u> <u>Gonzalez v. United States</u>, 150 F. Supp. 2d at 243-

44, and cases cited.  The "courts are very clear that a petitioner cannot evade the restrictions of

§ 2255 by resorting to § 2241."  <u>Id.</u> at 241, and cases cited.

      **B.**      <u>**The Savings Clause of § 2255 Does Not Apply**</u>

"A petition under § 2255 cannot become 'inadequate or ineffective,' thus permitting the

use of § 2241, merely because a petitioner cannot meet the AEDPA 'second or successive'

requirements.  Such a result would make Congress's AEDPA amendment of § 2255 a meaning-

less gesture."  <u>United States v. Barrett</u>, 178 F.3d at 50.  Rather, recourse to the savings clause

has only been permitted in "rare and exceptional circumstances, such as those in which strict

adherence to AEDPA's gatekeeping provisions would result in a 'complete miscarriage of

justice[.]'"  <u>Trenkler v. United States</u>, 536 F.3d at 99 (quoting <u>In re Dorsainvil</u>, 119 F.3d 245, 251

(3d Cir. 1997)).  "The Supreme Court has defined the term 'miscarriage of justice' as encom-

passing only those 'extraordinary instances when a constitutional violation probably has caused

the conviction of one innocent of the crime.'"  <u>Id.</u> (quoting <u>McCleskey v. Zant</u>, 499 U.S. 467,

494, 111 S. Ct. 1454, 1470, 113 L. Ed. 2d 517 (1991)). Smith argues that he is "innocent" of the state court crime which formed the predicate of the career offender calculation. That argument, however, does not establish that he is entitled to the extraordinary relief he is seeking here.

It has been said that "[a]ctual innocence of the offense may be shown to satisfy the fundamental miscarriage of justice standard." United States v. Duval, 957 F. Supp. 2d at 113 (addressing whether there has been a miscarriage of justice excusing procedural default where, due to intervening law, predicate offense for armed career offender status is no longer considered a violent felony). There is a split of authority, however, as to whether the petitioner must be actually innocent of the crime for which he has been sentenced, or if being factually innocent of a predicate crime which forms the basis of an enhanced sentence is sufficient to warrant collateral relief. Id. at 113-14, and cases cited; see also United States v. Barrett, Nos. CR 10-062 ML, CR 10-135 ML, 2015 WL 4920803, at *3 (D.R.I. Aug. 18, 2015) ("The First Circuit has not yet decided whether the actual innocence exception applies to a sentencing enhance-ment."). There is no need to resolve this issue in the instant case, however, since based on the factual record presented here, Smith has not established that there is a risk of a miscarriage of justice warranting the extraordinary relief he is seeking.

The Virginia District Court and the Fourth Circuit have been presented with the same arguments that Smith has brought to this court. The "essential function of habeas corpus" is to give "'a prisoner a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence.'" United States v. Barrett, 178 F.3d at 51 (quoting In re Davenport, 147 F.3d 605, 609 (7th Cir. 1998)). Not only has Smith had the

opportunity to have the sentencing court address the change in circumstances resulting from

the dismissal of the state law charges, but the Virginia District Court has suggested that he file

another § 2255 petition.  Therefore, allowing him to proceed under § 2241 "is not needed to

give him a reasonable opportunity to obtain a reliable judicial determination" regarding the

legality of his sentence.  In re Davenport, 147 F.3d at 609.

Moreover, the record does not support the conclusion that the dismissal of the New

Jersey convictions mandated a change in Smith's status as a career offender.  First of all, at the

time of Smith's sentencing in Virginia, the sentencing court appropriately counted the New

Jersey guilty pleas as prior convictions.  "The general rule regarding prior convictions is clear: in

analyzing whether a defendant is a career offender, a district court must count as a predicate

conviction a prior state court offense that has not been reversed, vacated, or invalidated."

United States v. Hondo, 366 F.3d 363, 365 (4th Cir. 2004), and authorities cited.  U.S.S.G.

§ 4A1.2(a)(4) expressly provides that "[w]here a defendant has been convicted of an offense,

but not yet sentenced, such conviction shall be counted as if it constituted a prior sentence[.]"

The sentencing court also appropriately concluded that each of Smith's guilty pleas in New

Jersey constituted a separate offense, even though they were being sentenced together.

U.S.S.G. § 4A1.2(a)(2) ("Prior sentences always are counted separately if the sentences were

imposed for offenses that were separated by an intervening arrest (i.e., the defendant is

arrested for the first offense prior to committing the second offense.").  (See Gov't Ex. B at 15-

16).  Thus, there was no error in Smith's original sentence.

The record further supports the conclusion that the dismissal of the New Jersey actions did not mandate an alteration of his status as a career offender. Under the sentencing guidelines, "[s]entences resulting from convictions that (A) have been reversed or vacated because of errors of law or because of subsequently discovered evidence exonerating the defendant, or (B) have been ruled constitutionally invalid in a prior case are not to be counted." U.S.S.G. § 4A1.2, cmt. n.6; see Mateo v. United States, 398 F.3d 126, 133 (1st Cir. 2005). However, convictions that are set aside "for reasons unrelated to innocence or errors or law" are to be counted. Id. at 135 (citing U.S.S.G. § 4A1.2, cmt. n.6).

Unlike the cases on which Smith relies, his New Jersey dockets do not indicate in any way that his prior convictions, to which he had pled guilty, were dismissed for errors of law, or because of new evidence establishing his innocence, or for any violation of his constitutional rights. See, e.g., Goldman v. Winn, 565 F. Supp. 2d 200 (D. Mass. 2008) (record reflected that trial court had allowed a motion for new trial because defendant had been unconstitutionally deprived of his right to appeal when trial judge refused to allow him to obtain a transcript); Mateo v. United States, 398 F.3d 126, 131, 136 (1st Cir. 2005) (trial court granted motion for new trial because of an insufficient in-court colloquy prior to the acceptance of a guilty plea; i.e. a constitutional "violation of Mateo's right to have entered a voluntary and knowing plea"). The burden is on Smith to prove his claim of actual innocence. See House v. Bell, 547 U.S. 518, 536-37, 126 S. Ct. 2064, 2076-77, 165 L. Ed. 2d 808 (1995); Schlup v. Delo, 513 U.S. 298, 324, 327, 115 S. Ct. 851, 865, 867, 130 L. Ed. 2d 808 (1995). Smith has not met his burden.

As noted above, there is some evidence that the Fourth Circuit was informed that the indictments against Smith were dismissed due to the fact that he was serving a lengthy federal

sentence. This court has located a motion filed by Smith's counsel in New Jersey which appears to have led to the dismissal of the New Jersey charges. See note 6, supra. See Mateo v. United States, 398 F.3d at 136-37 ("for purposes of Guidelines analysis, a federal court may and sometimes must, in appropriate circumstances, identify the reason for the state action in order to determine whether a prior sentence should be counted."). In the motion, counsel indicated that Smith had been trying to have his state court proceedings resolved under the IAD, but to no avail. In a letter dated April 8, 2008 attached to the motion (and included in the Appendix hereto), Smith explained "I would like to put these matters all behind me and the detainer lodged against me prohibit me from serving my 30 year federal sentence in a lower custody prison that offers various educational and vocational causes that I'd like to pursue." He does not mention anything about any violation of his constitutional rights.

This court has not analyzed all of Smith's very complex state court records, and does not rule out the possibility that Smith provided other reasons for wanting his New Jersey convictions either dismissed or resolved. For present purposes, it is sufficient that Smith has not put forth any evidence that the New Jersey indictments were dismissed "because of subsequently discovered evidence exonerating the defendant" or because they were "ruled constitutionally invalid[.]" U.S.S.G. § 4A1.2, cmt n.6.

The instant case is similar to Jamison v. United States, 244 F.3d 44 (1st Cir. 2001). After Jamison's first § 2255 motion was denied, a predicate state court conviction which had been a factor in sentencing was dismissed. Specifically, Jamison had pled guilty to the state charges, was released pending sentencing and then fled. Id. at 48. An arrest warrant was issued, Jamison was arrested, and later the same month, Jamison was arrested and eventually

convicted on federal charges.  Several years later, Jamison moved for withdrawal of his state guilty plea and dismissal of his indictment.  Id.  The state charge was eventually dismissed on the ground that he had not been sentenced in a timely manner.  Id.  Jamison then sought permission from the First Circuit to file a second or successive petition under § 2255 challenging his sentence to the extent that it was based on his state conviction.  Id. at 45.

In denying the application, the First Circuit noted that Jamison had pleaded guilty and there was substantial evidence detailed in the pre-sentence report to support that plea.  Id.  Moreover, the First Circuit noted that the opportunity to get the case dismissed for delay in sentencing "arose only because instead of returning for sentencing . . . as he had been ordered to do, he *fled* and thereby initiated a series of delays in his sentencing."  Id.  "Under these circumstances," according to the First Circuit, "counting the New York conviction is not even remotely an injustice."  Id.  Similarly, in the instant case, Smith's failure to be sentenced was due to his decision to flee the jurisdiction.  There is no basis to provide the extraordinary relief he is requesting under § 2241.

Finally, Smith argues that he was not sentenced within 15 years as required by U.S.S.G. § 4A1.2(e).  This is the same argument Smith had attempted to raise in connection with his amended Rule 60(b) Motion in Virginia.  In any event, it is not persuasive.  The provision on which Smith relies concerns the time period within which prior sentences are counted.  It does not relate to convictions for which a sentence has not been imposed — that is covered by U.S.S.G. § 4A1.2(a)(4).  This argument does not support the granting of relief under § 2241 either.

**C.** **Appropriate Remedy**

For the reasons detailed above, Smith's petition does not qualify under the savings clause of § 2255 so as to allow him to proceed under § 2241. Since this court does not have jurisdiction over any § 2255 petition from Smith, this court must either dismiss it or transfer it to the appropriate court of appeals, *i.e.*, the Fourth Circuit. See Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997) ("a district court, faced with an unapproved second or successive habeas petition, must either dismiss it, or transfer it to the appropriate court of appeals" (internal citations omitted)). Smith has not requested that this matter be transferred to the Fourth Circuit, and there is no basis for this court to do so. Smith has been advised by the Virginia District Court of his option, if he deems it appropriate, either to file a § 2255 petition, or to seek permission from the Fourth Circuit for a successive petition. According to the record before this court, he has not done either. The choice is appropriately his. Therefore, this court will not transfer this action.

## IV. CONCLUSION

For all the reasons detailed herein, the "Government's Motion to Dismiss Petition Filed Pursuant to 28 U.S.C. § 2241" (Docket No. 24) is ALLOWED.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge